## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                   No. CR 10-3379 JB

ADOLFO JARA-ALAMOS,

       Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed July 5, 2011 (Doc. 34). The Court held a sentencing hearing on July 26, 2011. The primary issue is whether the Court should sentence Defendant Adolfo Jara-Alamos to a time-served sentence. The Court sentences Jara-Alamos' to 273 days incarceration or time served, whichever is less.

Jara-Alamos, pursuant to a Plea Agreement, filed March 15, 2011 (Doc. 28), pled guilty to the Indictment, filed December 15, 2010 (Doc. 16), charging him with a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), that being possession with intent to distribute heroin. The Plea Agreement stipulates to a 3-level reduction in Jara-Alamos' criminal offense level pursuant to U.S.S.G. § 3B1.2, for being between a minor and minimal participant in any criminal activity. Pursuant to the Plea Agreement, Jara-Alamos is precluded from seeking any downward departure or variance in his sentence. See Plea Agreement at 6.

The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Jara-Alamos on May 9, 2011. In the PSR, the USPO calculated Jara-Alamos' total offense level to be 11. The PSR included a 3-level reduction under U.S.S.G. § 3B1.2 based on Jara-Alamos being "between a minor and minimal participant in any criminal activity," because he "was

hired as a 'runner' to deliver heroin."  PSR ¶ 21, at 7.  The PSR lists his criminal history category as I, based on 0 criminal history points.  An offense level of 11 and a criminal history category I results in a guideline imprisonment range of 8 to 14 months.

On May 23, 2011, the USPO disclosed an Addendum to the PSR.  The Addendum stated that neither party filed objections to the PSR and recounted Jara-Alamos' statement accepting responsibility.  In his statement, Jara-Alamos asserted that he had acted as a drug runner approximately a half-dozen times.  He further stated that he would collect money when he delivered drugs.  There being no disputes about the factual findings in the PSR and the Addendum, the Court adopts them as its own.

Jara-Alamos moves the Court for a time-served sentence.  Plaintiff United States of America does not oppose his request, noting that Jara-Alamos seeks a sentence within the sentencing guideline range.  See United States' Response to Defendant's Sentencing Memorandum Filed July 5, 2011 (Doc. 34) at 1-2, filed July 6, 2011 (Doc. 35).  At the sentencing hearing, the Court indicated that it was not inclined to conclude that Jara-Alamos was less than an minor participant.  The parties agreed to the Court reducing Jara-Alamos' offense level 2-levels pursuant to U.S.S.G. § 3B1.2(a) and then varying downward to a time-served sentence.

The PSR includes a 3-level offense level reduction for Jara-Alamos being a minimal participant.  The PSR states that Jara-Alamos "was hired as a 'runner' to deliver heroin."  PSR ¶ 21, at 7.  The PSR also notes, however, that Jara-Alamos "was involved in the actual drug sale transaction."  PSR ¶ 21, at 7.  Jara-Alamos stated in his acceptance of responsibility that he had acted as a drug runner approximately a half-dozen times.  He further states that he would collect money when he delivered drugs.  In light of these activities, some of which are more than the mere transport of drugs, the Court concludes that Jara-Alamos was a minor participant, but not between

a minor and a minimal participant.  See U.S.S.G. § 3B1.2.  Accordingly, the Court will reduce Jara-Alamos' criminal offense level 2 levels to a level 12.  The Court otherwise adopts the sentencing calculation in the PSR as its own.  A criminal offense level of 12 and a criminal history category I produces a guideline sentence of 10 to 16 months.

The Court notes that Jara-Alamos possessed with intent to distribute 24.54 grams of heroin.  The Court has considered carefully the parties' arguments and the circumstances of this case.  The Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant.  The Court believes that the punishment that the guidelines set forth is not appropriate for Jara-Alamos' offense.  The Court believes a sentence in the range of 10 to 16 months is more than necessary to reflect the seriousness of this offense, particularly given that Jara-Alamos has no other criminal history.  Jara-Alamos came to the United States seeking work.  Unable to find work, Jara-Alamos began to deliver drugs in a desperate and misguided attempt to make money.  Jara-Alamos' family awaits his return in Mexico, which reduces the likelihood he will illegally return to the United States.  Jara-Alamos has a history of good, hard work and Mexican military service.  He also fully cooperated with prosecutors.  The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals.  The Court finds that it is more appropriate to treat this crime like one with an offense level 11, which, with his criminal history category I, produces a sentencing guideline range of 8 to 14 months.  Jara-Alamos has spent a sum total of 273 days -- the equivalent of 9 months -- in custody.  The Court believes that a sentence of 273 days, or time-served, is appropriate to reflect Jara-Alamos' criminal history and the seriousness of Jara-Alamos' crime.  This sentence adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and otherwise fully reflects each of the factors

embodied in 18 U.S.C. § 3553(a).  While the Court's task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court's job is not to impose a reasonable sentence.  Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted) -- the Court believes this sentence is reasonable.  Finally, the Court believes Jara-Alamos' lack of criminal history is adequately reflected in this sentence, and that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98–473, 98 Stat. 1987.

     **IT IS ORDERED** that the Court sentences Defendant Adolfo Jara-Alamos to 273 days incarceration or time served, whichever is less.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

Kenneth J. Gonzales
  United States Attorney
Lynn Wei-Yu Wang
  Assistant United States Attorney
Albuquerque, New Mexico

     *Attorneys for the Plaintiff*

Edward O. Bustamante
Albuquerque, New Mexico

-- and --

John F. Samore
Albuquerque, New Mexico

     *Attorneys for the Defendant*