# UNITED STATES DISTRICT COURT
### District of New Mexico

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Adolfo Jara-Alamos**<br>**a/k/a Jesus A. Beruman** | **Judgment in a Criminal Case**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **1:10CR03379-001JB**<br>USM Number: **59507-051**<br>Defense Attorney: **John Samore, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Indictment**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 21 U.S.C. Sec. 841(b)(1)(C) | Possession with Intent to Distribute Heroin | 10/27/2010 | |

The defendant is sentenced as provided in pages 2 through **4** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**July 26, 2011**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**September 28, 2011**
Date Signed

Defendant: **Adolfo Jara-Alamos**
Case Number: **1:10CR03379-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **273 days or 9 months, whichever is less** .

**The Court recommends that Immigration and Customs Enforcement begin immediate removal proceedings.**

**Pursuant to Section 5D1.1(a), the Court will not impose a term of supervised release.**

**The Court incorporates by reference its Memorandum Opinion and Order, filed September 1, 2011 (Doc. 38)("MOO"). Defendant Adolfo Jara-Alamos, pursuant to a Plea Agreement, filed March 15, 2011 (Doc. 28), pled guilty to the Indictment, filed December 15, 2010 (Doc. 16), charging him with a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), that being possession with intent to distribute heroin. The Plea Agreement stipulates to a 3-level reduction in Jara-Alamos` criminal offense level pursuant to U.S.S.G. § 3B1.2 for being between a minor and minimal participant in any criminal activity. Pursuant to the Plea Agreement, Jara-Alamos is precluded from seeking any downward departure or variance in his sentence. See Plea Agreement at 6.**

**The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Jara-Alamos on May 9, 2011. In the PSR, the USPO calculated Jara-Alamos` total offense level to be 11. The PSR included a 3-level reduction under U.S.S.G. § 3B1.2 based on Jara-Alamos being "between a minor and minimal participant in any criminal activity," because he "was hired as a `runner` to deliver heroin." PSR ¶ 21, at 7. The PSR lists his criminal history category as I, based on 0 criminal history points. An offense level of 11 and a criminal history category I results in a guideline imprisonment range of 8 to 14 months.**

**On May 23, 2011, the USPO disclosed an Addendum to the PSR. The Addendum stated that neither party filed objections to the PSR and recounted Jara-Alamos` statement accepting responsibility. In his statement, Jara-Alamos asserted that he had acted as a drug runner approximately a half-dozen times. He further stated that he would collect money when he delivered drugs. There being no disputes about the factual findings in the PSR and the Addendum, the Court adopts them as its own.**

**Jara-Alamos moves the Court for a time-served sentence. Plaintiff United States of America does not oppose his request, noting that Jara-Alamos seeks a sentence within the sentencing guideline range. See United States` Response to Defendant`s Sentencing Memorandum Filed July 5, 2011 (Doc. 34) at 1-2, filed July 6, 2011 (Doc. 35). At the sentencing hearing, the Court indicated that it was not inclined to conclude that Jara-Alamos was less than an minor participant. The parties agreed to the Court reducing Jara-Alamos` offense level 2-levels pursuant to U.S.S.G. § 3B1.2(a) and then varying downward to a time-served sentence.**

**The PSR includes a 3-level offense level reduction for Jara-Alamos being a minimal participant. The PSR states that Jara-Alamos "was hired as a `runner` to deliver heroin." PSR ¶ 21, at 7. The PSR also notes, however, that Jara-Alamos "was involved in the actual drug sale transaction." PSR ¶ 21, at 7. Jara-Alamos stated in his acceptance of responsibility that he had acted as a drug runner approximately a half-dozen times. He further states that he would collect money when he delivered drugs. In light of these activities, some of which are more than the mere transport of drugs, the Court concludes that Jara-Alamos was a minor participant, but not between a minor and a minimal participant. See U.S.S.G. § 3B1.2. Accordingly, the Court will reduce Jara-Alamos` criminal offense level 2 levels to a level 12. The Court otherwise adopts the sentencing calculation in the PSR as its own. A criminal offense level of 12 and a criminal history category I produces a guideline sentence of 10 to 16 months.**

**The Court notes that Jara-Alamos possessed with intent to distribute 24.54 grams of heroin. The Court has considered carefully the parties` arguments and the circumstances of this case. The Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate for Jara-Alamos` offense. The Court believes a sentence in the range of 10 to 16 months is more than necessary to reflect the seriousness of this offense, particularly given that Jara-Alamos has no criminal history. Jara-Alamos came to the United States seeking work. Unable to find work, Jara-Alamos began to deliver drugs in a desperate and misguided attempt to make money. Jara-Alamos` family awaits his return in Mexico, which reduces the likelihood he will illegally return to the United States. Jara-Alamos has a history of good, hard work and Mexican military service. He also fully cooperated with prosecutors. The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. The Court finds that it is more appropriate to treat this crime like one with an offense level 11, which, with his**

criminal history category I, produces a sentencing guideline range of 8 to 14 months. Jara-Alamos has spent a sum total of 273 days -- the equivalent of 9 months -- in custody. The Court believes that a sentence of 273 days, or time-served, is appropriate to reflect Jara-Alamos` criminal history and the seriousness of Jara-Alamos` crime. This sentence adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted) -- the Court believes this sentence is reasonable. Finally, the Court believes Jara-Alamos` lack of criminal history is adequately reflected in this sentence, and that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98?473, 98 Stat. 1987. The Court sentences Jara-Alamos to 273 days incarceration or time served, whichever is less.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
　　☐ at　on
　　☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
　　☐ before 2 p.m. on
　　☐ as notified by the United States Marshal
　　☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Defendant: **Adolfo Jara-Alamos**
Case Number: **1:10CR03379-001JB**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☒ The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
|  | $waived | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A ☐ In full immediately; or

B ☐ $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.